IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CHARLES NWEREM**,

    Plaintiff,

v.

**BANK OF AMERICA**,

    Defendant.

Case No. 3:25-cv-331-SI

**OPINION AND ORDER**

Charles Nwerem, Portland, OR, *pro se*.

James P. Laurick, KILMER VOORHEES & LAURICK, PC, 2701 NW Vaughn Street, Suite 780, Portland, OR 97210. Of Attorney for Defendant.

**Michael H. Simon, District Judge.**

    On January 28, 2025, Charles Nwerem, representing himself, filed a lawsuit against Bank of America, N.A. ("BANA") in the Circuit Court of the State of Oregon for the County of Multnomah, alleging racial discrimination in violation of the Civil Rights Act of 1964 and the Fourteenth Amendment, and seeking $39.9 million in damages. ECF 1-1 at 2, 6, 8. BANA timely removed to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. ECF 1. Plaintiff then amended his complaint to clarify that his allegations included racial discrimination, violation of Title VI of the Civil Rights Act of 1964, and disparate treatment in public

accommodations; Plaintiff also increased his demand to a total of $105 million in compensatory and punitive damages, plus attorney fees and injunctive relief. Second Amended Complaint ("SAC"), ECF 19 at 12-13, 15-16, 19.

Considering the liberal construction that a court must provide to a pro se litigant, courts evaluate the claims in a pro se complaint for their substance and whether they provide "fair notice" of a valid claim, and not their label or cited authority. *See Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("We hold that Alvarez's RLUIPA claim was presented to the district court because his complaint and subsequent filings provided appellees with 'fair notice' of that claim, even though the statute was not cited in the complaint itself."); *see also Rosado v. Roman*, 2017 WL 3473177, at *2 (D. Or. Aug. 11, 2017) ("Mindful of the liberal construction a court is to give pro se pleadings, the Court looks to the substance of Rosado's claims and not the label he provides."); *Formica v. Superintendent of Cent. Virginia Reg'l Jail*, 2015 WL 5561933, at *11 n.16 (W.D. Va. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 5561952 (W.D. Va. Sept. 21, 2015) ("Federal courts may ignore the legal label that a pro se litigant attaches to a claim in order to create a better correspondence between the claim's substance and its underlying legal basis.").

Here, Plaintiff identifies three claims, which he labels "racial discrimination," "violation of Civil Rights Act of 1964 Title VI," and "disparate treatment in public accommodations." The Court, however, construes Plaintiff's SAC essentially to assert a single claim under Title VI, alleging racial discrimination in a program receiving Federal financial assistance. *See* 42 U.S.C. § 2000d. If Plaintiff believes that the Court has misconstrued Plaintiff's SAC, Plaintiff may file a short memorandum explaining his position and intentions.

PAGE 2 – OPINION AND ORDER

Also in his SAC, Plaintiff added eight paragraphs, numbered 79 through 86. Now before the Court is Defendant's motion to strike those paragraphs under Rule 12(f) of the Federal Rules of Civil Procedure. ECF 20.

## STANDARDS

A court may strike material under Rule 12(f) of the Federal Rules of Civil that is "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (cleaned up)).

When considering a motion to strike, a court must liberally construe the filings of a self-represented (or *pro se*) plaintiff and afford that plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l*

*Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

On January 22, 2024, Plaintiff went to a Bank of America branch located at 510 SE 122nd Avenue in Portland, Oregon, to cash a "GEICO check issued by Bank of America," in the amount of $22,500. SAC ¶¶ 8, 18, 21. Plaintiff alleges that a bank employee informed him that the bank could not cash his check and suggested that he cash the check with the bank where he maintained his accounts. *Id.* ¶ 21. Plaintiff informed the employee that he was in urgent need of the funds, and that because his bank did not issue the check, he believed that "they will put a hold on it." *Id.* Nevertheless, Plaintiff departed the 122nd Avenue location and proceeded to a branch of Chase bank located at 10301 SE Stark St. in Portland, where he maintained his accounts. *Id.* ¶¶ 21-23.

Plaintiff alleges that employees at Chase were able to process the check, but confirmed his assumption that there would be a delay in cashing it; Chase told Plaintiff that he should go to the bank that issued the check if he wanted it cashed without delay. *Id.* ¶ 23. He then returned to the Bank of America branch on 122nd Avenue and requested to speak to the manager. *Id.* ¶¶ 24, 26. After a short conversation, which Plaintiff describes as "hostile," Plaintiff alleges that the

PAGE 4 – OPINION AND ORDER

branch manager, Mr. Jamal Abdullah, informed Plaintiff that the bank did not have enough funds on hand to cash Plaintiff's check and asked Plaintiff to leave. *Id.* ¶¶ 14, 27-28, 30.

After leaving Defendant's branch for the second time, Plaintiff went to a different Bank of America branch, located at 10201 SE Washington Street. *Id.* ¶¶ 34-38. The manager at that location, Mr. Cory Tofflemire, also told Plaintiff that the branch did not have enough cash on hand to cash Plaintiff's check. *Id.* ¶¶ 16, 37-38. Three days later, on January 25, 2024, Plaintiff returned to Bank of America's Washington Street branch and approached a female employee, asking to cash his check. *Id.* ¶¶ 43-45. She told him that she would be unable to do so because the branch did not have enough cash on hand. *Id.* ¶ 45.

In his Complaint, Plaintiff discusses at length his belief that BANA's refusal to cash his check was because of his race and that BANA employees assumed that his check was fraudulent because he is black. *See id.* ¶¶ 21, 29-31, 35, 39-41, 46-47. He further argues that "[t]his case is not an isolated case, [but] part of BANA's pattern of intentional discrimination and oppression of Black Americans." *Id.* ¶ 78. In support of this belief, he offers the following allegations and assertions:

- BANA cashes checks for non-clients at a fee, but did not cash his check. *See id.* ¶ 29.

- Plaintiff saw BANA employees at both the 122nd Avenue and Washington Street locations assisting white customers, but they did not cash his check. *Id.* ¶¶ 30, 41, 63.

- Plaintiff perceived that the branch manager at the 122nd Avenue location, Mr. Abdullah, treated him in a disrespectful and aggressive manner. *Id.* ¶¶ 27-28, 30.

- In the United States, there is a long history of racial discrimination in banking. *Id.* ¶¶ 29-30, 39, 46, 56.

According to Plaintiff, the paragraphs at issue, which were added to the SAC, provide additional allegations that Plaintiff contends are important to support of his assertion that Defendant exhibited a "pattern of intentional discrimination." *Id.* ¶ 78. Paragraph 79 discusses a similar incident, roughly a decade ago, at the same Bank of America 122nd Avenue location, when BANA employees declined to cash his $10,000 check, which he alleges was on account of his race. Paragraph 80 alleges that BANA ended certain Diversity, Equity & Inclusion policies in February 2025, more than a year after the events leading to his claim. Paragraphs 81 through 86 discuss six different lawsuits against BANA that claimed racially discriminatory employment or banking practices.

## DISCUSSION

To succeed on a motion to strike, Defendants must show that the challenged paragraphs, ¶¶ 79-86, are redundant, immaterial, or impertinent to Plaintiff's claim or that they are otherwise scandalous.

### A. Redundancy

"A matter is redundant if it is superfluous and can be omitted without a loss of meaning." *Hayes v. City of Portland*, 2020 WL 1154762, at *3 (D. Or. Mar. 10, 2020); *see also Orff v. City of Imperial*, 2017 WL 2537250, at *3 (S.D. Cal. June 12, 2017) ("Redundant matter is the needless repetition of assertions."). The subject matter of paragraphs 79 and 80 are not redundant. They each pertain to unique allegations: ¶ 79 to Plaintiff's alleged prior incident of racial discrimination by Defendant, and ¶ 80 to Defendant's alleged decision to end certain company policies. These two paragraphs are not needlessly repetitive.

Paragraphs 81 through 86 also are not redundant. Although they deal with similar subject matter—other lawsuits filed against Defendant for alleged racially discriminatory behavior—the purpose of their inclusion is to attempt to establish that Defendant's alleged conduct in this case

is part of a discriminatory pattern. To show such a pattern, Plaintiff may seek to show multiple examples of similar discriminatory conduct. Thus, it is not superfluous or needlessly repetitious for Plaintiff to include in his complaint multiple allegations of allegedly discriminatory conduct. Although it is possible for a party to provide so many examples that they cross the threshold of redundancy, the Court does not find that to be the case here, at this stage of the litigation, especially in light of the principle that courts should grant motions to strike infrequently. *See Legal Aid Servs. of Or.*, 561 F. Supp. 2d at 1189.

**B. Materiality and Pertinence**

An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being plead." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (quoting *Fantasy, Inc.*, 984 F.2d at 1527). To demonstrate materiality, where a party pleads allegations of historical wrongdoing to demonstrate a pattern of abuse, the party must also offer legal theories regarding the relevance of that pattern or those acts to their claims. *See Fantasy, Inc.*, 984 F.2d at 1528 ("background and foundational facts establishing a pattern of abuse" were properly stricken as immaterial when the district court found that plaintiff "offered no legal theories regarding the relevance of these so-called abusive acts." (quotations omitted)). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Whittlestone*, 618 F.3d at 974 (quoting *Fantasy, Inc.*, 984 F.2d at 1527). The Court evaluates these requirements together because, as a matter of logic, it is difficult to see how the paragraphs at issue could "have an essential or important relationship to the claim for relief" and not also "pertain, [or be] necessary, to the issues in question."

Section 601 of Title VI states that "[n]o person in the Unites States shall, on ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial

PAGE 7 – OPINION AND ORDER

assistance." 42 U.S.C. § 2000d. Title VI creates a private right of action only for cases of intentional discrimination, not for cases of disparate impact or discriminatory effect. *Alexander v. Sandoval*, 532 U.S. 275, 279-82, 285-86, 291-93 (2001). A plaintiff bears the initial burden of establishing a prima facie case of discrimination, after which the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the conduct. *Tex. Dept. of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252-53 (1981) (describing "the basic allocation of burdens and order of presentation of proof in a Title VII case" established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014) (holding that the *McDonnell Douglas* framework applies to Title VI disparate treatment claims). If the defendant succeeds in this showing, the plaintiff then will need to show that the proffered reason is pretextual. *Burdine*, 450 U.S. at 252-53.

"The finder of fact should 'consider all the evidence' and look to the 'totality of the relevant facts' to determine whether the defendant has engaged in intentional discrimination." *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021) (citations omitted) (first quoting *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983); then quoting *Washington v. Davis*, 426 U.S. 229, 242 (1976)). "Evidence of discriminatory motive can be direct or indirect." *Rashdan*, 764 F.3d at 1183 (citing *Burdine*, 450 U.S. at 256). "Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or assumption." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) (cleaned up). *Yu* directs the Court to cast a wide net when considering indirect evidence; however, in cases of disparate treatment, plaintiffs often provide evidence that similarly situated persons of a different race were given better treatment, or statistics from which intentional discrimination can be inferred. *See, e.g.*, *Rashdan*, 764 F.3d at 1183; *Gazarov ex rel. Gazarov v. Diocese of Erie*, 80 F.

PAGE 8 – OPINION AND ORDER

App'x 202, 206 (3d Cir. 2003); *A.J. v. N. Clackamas Sch. Dist.*, 2023 WL 2812363, at *9 (D. Or. Apr. 6, 2023).

Put simply, accounting for the admonition in *Yu* to consider the totality of the evidence, the general rule that motions to strike should be infrequently granted, and the flexible standards applied to *pro se* cases, the bar that Defendant must clear to be successful at this stage of the lawsuit is high. Defendant clears that bar with respect to paragraphs 80, but not with respect to paragraphs 79 and 81-86.

In keeping with *Fantasy, Inc.*'s requirement that plaintiffs provide some legal theory connecting his allegations to his claims, and as discussed above, Plaintiff makes clear that paragraphs 79 through 86 are included to establish that Defendant has a history and pattern of racially discriminatory conduct. In *Fantasy, Inc.*, the Ninth Circuit found that a district court's decision to strike party's allegations provided to present "relevant background and foundational facts" was not an abuse of discretion in part because the party has offered "no legal theories regarding [their] relevance" to his copyright infringement claims. 984 F.2d at 1528. But a history of discriminatory conduct, while not dispositive, is probative of present discriminatory conduct. Depending on how Plaintiff plans to proceed with his case, they may have an "important relationship to the claim for relief." *See id.* (quotation omitted). Thus, if Plaintiff's allegations are consistent with the theory he offers to justify them, they are material to Plaintiff's claims as indirect evidence.

Paragraphs 79 and 81-86 are consistent with this theory, as each discusses an example of alleged racial discrimination, which is what Plaintiff claims in the instant case. Specifically, ¶ 79 alleges what a similar incident that happened to Plaintiff. Paragraphs 82 and 84 discuss past lawsuits against Bank of America for alleged racially discriminatory banking practices.

PAGE 9 – OPINION AND ORDER

Paragraphs 81, 83, 85, and 86 discuss instances of alleged racially based employment discrimination.[1] Such discriminatory conduct, if true, *might* be probative of racial discrimination in the instant case.

Paragraph 80, on the other hand, discusses Defendant's alleged decision to terminate certain DEI policies in February 2025, more than a year after the events giving rise to Plaintiff's claims. Allegations of conduct so temporally disconnected from the events underlying Plaintiff's claim is not pertinent or material.

Thus, paragraph 80 should be struck as immaterial. Paragraphs 79 and 81-86, however, survive at this stage of the lawsuit.

**C. Scandal**

A matter is scandalous if it "improperly casts a derogatory light on someone, most typically on a party to the action." *Choi v. 8th Bridge Cap., Inc.*, 2018 WL 3469053, at *7 (C.D. Cal. July 16, 2018) (quoting *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015); *see also Cody v. County of San Joaquin*, 2025 WL 775834, at *8 (E.D. Cal Mar. 11, 2025). The challenged paragraphs undoubtedly case a derogatory light on Defendant. The question, however, is whether they do so improperly.

They do not. As discussed above, the paragraphs are not so disconnected from Plaintiff's theory of the case that they are immaterial. Ordinarily, even scandalous material survives a motion to strike if it is pertinent or material. Additionally, the paragraphs do not include the sort of personal attacks or unprofessional content that have been grounds for a finding of scandal in other cases. *See, e.g.*, *Choi*, 2018 WL 3469053, at *7; *Cody*, 2025 WL 775834, at *8.

---

[1] It may well be that, after discovery, these allegations prove to be immaterial or impertinent, but their relationship to the subject matter of the case is not so disconnected as to justify a motion to strike.

PAGE 10 – OPINION AND ORDER

**D. Discoverability and Admissibility at Trial**

To be clear, the fact that that Court is denying Defendant's motion to strike should not be interpreted by either party as expressing any views regarding either discoverability or admissibility at trial. Regarding the former, a party may seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense *and* proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). Regarding the latter, at trial a court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## CONCLUSION

The Court GRANTS in part and DENIES in part Defendant's motion to strike, ECF 20.

**IT IS SO ORDERED**.

DATED this 3rd day of December, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge